UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
KIMBERLY PAUL,

          Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER SEAN HUNTER shield # 3209,
POLICE OFFICER LEVI STEWART shield # 24727,

          Defendants.
---------------------------------------------------------X

'08 CIV 4879

JUDGE STEIN

**COMPLAINT**

Case No.:



    PLAINTIFF KIMBERLY PAUL, by her attorney DAVID A. ZELMAN, Esq., for her

COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which PLAINTIFF KIMBERLY PAUL (hereinafter "PAUL") seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about October 9, 2007 at approximately 12:05 P.M., at or near the intersection of 41st Avenue and 10th Street, Long Island City, New York 11101, PAUL was falsely arrested with excessive force by Defendants including, but not limited to, POLICE OFFICER SEAN HUNTER and POLICE OFFICER LEVI STEWART. It is alleged that Defendants falsely arrested PAUL in violation of her constitutional rights. PAUL was unlawfully

detained for approximately thirteen hours. As a result of the excessive force used by Defendants, PAUL suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. PAUL at all times resided at 10-31 41 Avenue, Long Island City, New York 11101.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER POLICE OFFICER SEAN HUNTER of PSA 9 (hereinafter "HUNTER") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant POLICE OFFICER LEVI STEWART of PSA 9 (hereinafter "STEWART") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the

scope of his employment.

7. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

8. On or about October 9, 2007 at approximately 12:05 P.M., at or near the intersection of 41st Avenue and 10th Street, Long Island City, New York 11101, PAUL was shopping inside a local food market.

9. PAUL's dog, a six month old pitbull and boxer mix was leashed to a scaffold located outside the store.

10. At that time, an individual approached PAUL and told her that the police were outside the store looking for her.

11. PAUL exited the store and defendant officers told her that she was under arrest.

12. PAUL was concerned about her dog and asked the defendant officers if she could call her mother to come pick the dog up. After making the phone call, PAUL asked the officers why she was under arrest.

13. Defendant officers threw PAUL to the ground while one of the officers held her there by placing his shoe on her neck.

14. While this was taking place, PAUL's dog was barking at the officers. Despite the

fact that the dog was secured to a pole and no threat to the officers' safety, the officers sprayed mace in the dog's face.

15. PAUL was held on the ground with the officer's shoe on her neck for an excessive amount of time, at which time PAUL's mother arrived to take the dog.

16. PAUL was then transported to the 114th Precinct where she spent one hour before being transported to central booking. PAUL was brought before a judge at approximately 1:15 a.m. on October 10, 2007. PAUL was charged with resisting arrest and disorderly conduct and received an "ACD" before being released approximately 13 hours after being taken into custody.

17. PAUL went to Mt. Sinai Hospital in Queens on October 10, 2007 due to neck and back pain as well as trouble walking. PAUL was treated at Mt. Sinai Hospital for back pain and contusions to the neck and was diagnosed with compression fractures of C4-6 and right rib abnormality.

18. That heretofore and on the 13th day of December, 2007, PAUL's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of PAUL, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

20. Paragraphs 1 through 19 of this complaint are hereby realleged and incorporated by reference herein.

21. That Defendants had neither valid evidence for the arrest of PAUL nor legal cause or excuse to seize and detain her for approximately thirteen hours.

22. That in detaining PAUL for approximately thirteen hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

23. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of PAUL's rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of

PAUL's rights, subjected PAUL to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, PAUL suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of PAUL was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison her.

30. That Defendants intended to confine PAUL.

31. That PAUL was conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of PAUL's rights, deprived her of her liberty when they subjected her to an unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, PAUL suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

37. That Defendants had no legal cause or reason to use excessive force and assault PAUL outside the store.

38. That Defendants violated PAUL's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against her.

39. That at the time of the arrest, PAUL did not pose a threat to the safety of the arresting officers.

40. That PAUL was not actively resisting arrest or attempting to evade arrest.

41. That defendant CITY, through its officers, agents, and employees, unlawfully subjected PAUL to excessive force while effectuating her arrest.

42. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

43. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of PAUL's rights, subjected PAUL to excessive force while effectuating her arrest, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

44. That upon information and belief, in 2007, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

45. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of PAUL's rights alleged herein.

48. By reason of the foregoing, PAUL suffered physical injuries, mental injuries, emotional injuries, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52. That Defendants had no legal cause or reason to use excessive force and assault PAUL at the precinct.

53. That at the time of the arrest, PAUL did not pose a threat to the safety of the arresting officers.

54. That PAUL was not actively resisting arrest or attempting to evade arrest.

55. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of PAUL's rights, subjected PAUL to excessive force while effectuating her arrest, in violation of the laws of the State of New York

57. By reason of the foregoing, PAUL suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

58. Paragraphs 1 through 57 are hereby realleged and incorporated by reference herein.

59. That Defendants intended to cause harmful bodily contact to PAUL.

60. That defendant Defendants, in a hostile manner voluntarily caused PAUL'S injuries.

61. That Defendants contact with PAUL constituted a battery in violation of the laws of the State of New York.

62. That by reason of the foregoing, PAUL suffered physical injuries, mental injuries, emotional injuries, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

63. Paragraphs 1 through 62 are hereby realleged and incorporated by reference herein.

64. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

65. That at all times Defendants were acting within the scope of their employment.

66. That Defendant CITY was able to exercise control over Defendants activities.

67. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

68. By reason of the foregoing, PAUL suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, PAUL has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, PAUL respectfully requests that judgment be entered:

1. Awarding PAUL compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding PAUL punitive damages in an amount to be determined by a jury;

3. Awarding PAUL interest from October 9, 2007; and

4. Awarding PAUL reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
May 20 2008

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X
KIMBERLY PAUL,

        Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER SEAN HUNTER shield # 3209,
POLICE OFFICER LEVI STEWART shield # 24727,

        Defendants.
————————————————————X

**PLAINTIFF DEMANDS TRIAL BY JURY**

---

**COMPLAINT**

---

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072