UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KIMBERLY PAUL,

                                          Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER SEAN HUNTER shield #3209, POLICE OFFICER LEVI STEWART,

                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, HUNTER, AND STEWART**

08 Civ. 4879 (SHS)(KNF)

JURY TRIAL DEMANDED

Defendants City of New York ("City"), Police Officer Sean Hunter ("Hunter") and Police Officer Levi Stewart ("Stewart") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a

recitation of the relationship between the defendant City and the New York City Police Department.

    5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that defendant Hunter was employed by the City of New York as a Police Officer in October 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

    6. Deny the allegations set forth in paragraph "5" of the complaint, except admit that defendant Stewart i was employed by the City of New York as a Police Officer in October 2007, and state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

    7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to proceed as stated therein, and state that the allegations concerning acting under color of state law set forth legal conclusions, rather than averments of fact, to which no response is required.

    8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff was at or near the intersection of 41st Avenue and 10th Street in Long Island City on October 9, 2007.

    9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff's dog was leashed outside a store in the vicinity of 41st Avenue and 10th Street.

    10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that at some point in time defendants Hunter and Stewart informed plaintiff that she was being placed under arrest.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff's dog was barking at defendants Hunter and Stewart and at some point in time, defendants sprayed the dog with a chemical spray.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was charged with Disorderly Conduct and Resisting Arrest.

17. Deny the allegations set forth in paragraph "17" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries and treatment.

18. Deny the allegations set forth in paragraph "18"of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller and that no payment has been made on the purported claim.

19. Deny the allegations set forth in paragraph "19"of the complaint, except admit that no payment has been made on the purported claim.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendants repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint, except state that the allegations concerning acting within the scope of employment set forth legal conclusions, rather than averments of fact, to which no response is required.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint, and all its subparts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

69. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

70. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

71. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

72. Plaintiff may have failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

73. Plaintiffs provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

74. The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

75. The individual defendants Hunter and Stewart have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

76. At all times relevant to the acts alleged in the complaint, defendants Hunter and Stewart acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

77.     Punitive damages cannot be recovered as against the City of New York.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

78.     At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion.  As such, defendant City is entitled to governmental immunity.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

79.     There was probable cause for plaintiff's arrest, detention and prosecution.

**WHEREFORE,** defendants City of New York, Hunter, and Stewart request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           August 21, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants
                                100 Church Street
                                New York, New York 10007
                                (212) 788-1298

                                By:            /S/
                                     Douglas W. Heim
                                     Assistant Corporation Counsel

To:     David A. Zelman, Esq. (By ECF)